UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANGOI LAMBOI. | ) | |
| | ) | Case Number |
| Plaintiff | ) | |
| | ) | CIVIL COMPLAINT |
| vs. | ) | |
| | ) | |
| COLLECTCORP CORPORATION | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Sangoi Lamboi, by and through their undersigned counsel, Brent Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1.  Plaintiff, Sangoi Lamboi, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.  Venue in this District is proper in that the Defendant transacts business in the Commonwealth of Pennsylvania and has a registered office here.

### III. PARTIES

4. Plaintiff, Sangoi Lamboi, is an adult natural person residing in Tampa, FL 33682.

5. Defendant, CollectCorp Corporation. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On December 26, 2008, Defendant's agent called Plaintiff's workplace and spoke to his supervisor. Regarding an alleged debt past due of a student loan. Defendant's agent told Plaintiff's supervisor that he had important information for Sangoi Lamboi and to give him a message to call Plaintiff back.

8. On December 26, 2008, Plaintiff called Defendant's agent after receiving the message from his supervisor. Plaintiff told defendant's agent to never call his workplace again. Plaintiff told Defendant's agent that he was contacting a lawyer and hung up the phone.

9. Plaintiff is African-American.

10. Further, on December 26, 2008, Plaintiff received a telephone call at his home. Defendant's agent identified himself as Humphrey Tetey. Defendant's agent stated

"you were rude for hanging up on me earlier you stupid **nigger** you should go to jail for not paying your student loans, a **nigger** like you with a heavy accent are always looking for a free hand out and you should not even be on this planet".

11.     Still during this same call, Defendant's agents proceeded to state "That you niggers, Spanish and white trash people think that everything is free in this world"

12.     Defendant's agent stated "that he will use any means to collect this debt" Plaintiff told Defendants agent he should never call his home or workplace again.

13.     Defendant's agent called numerous times after the first initial conversation on December 26, 2008 the following dates are 12/27/2008, 12/29/2008, 12/30/2008, 12/31/2008, 01/05/2009, 01/06/2008 and 01/13/2009.

14.     The harassing and condescending third party contact is a violation of the FDCPA and is laced with racially discriminatory remarks.

15.     Plaintiffs are African-American.

16.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

17.     The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

18.     The Defendant acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiff, communicated with persons other than the Plaintiff that the Plaintiff owes a debt and made such communications on multiple occasions.

19. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

20. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

21. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

22. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT 1 – FDCPA**

23. The above paragraphs are hereby incorporated herein by reference.

24. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692 b(1), b(3), c(a)(1), c(a)(3), b(1), b(2), b(3), d, d(5), e, e(2), e(3), e(4), e(5), e(7), e(10), f and g.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, CollectCorp Corporation. for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. <u>JURY DEMAND</u>

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: February 11, 2009    BY:  **/s/ *Brent Vullings***
Brent Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff